OPINION
Defendant, Ryan McDaniel, appeals from his conviction and sentence for involuntary manslaughter, R.C. 2903.04(B), which prohibits causing the death of another while committing a misdemeanor. The offense is a felony of the third degree, for which the available prison terms are one, two, three, four, or five years. R.C. 2929.14(A)(3). The trial court imposed a prison term of four years. It also notified McDaniel that, pursuant to R.C. 2967.28(B)(3), he is subject to a three-year term of post-release because in committing the offense of involuntary manslaughter he caused physical harm to a person.
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT'S FINDING OF FACT THAT IN COMMITTING THE OFFENSE, THE OFFENDER CAUSED PHYSICAL HARM TO A PERSON (R.C.2929.13(B)(1)) IS (A) NOT SUPPORTED BY ANY RECORD EVIDENCE IN THIS CASE, (B) IS IRRELEVANT TO SENTENCING FOR A THIRD DEGREE FELONY, (C) IS IRRELEVANT TO SENTENCING FOR INVOLUNTARY MANSLAUGHTER BASED UPON AN PREDICATE OFFENSE OF MISDEMEANOR DRUG ABUSE, AND (D) IS BARRED BY THE LAW OF THIS CASE BASED UPON THIS COURT'S PRIOR DECISION ABSENT SOME NEW EVIDENCE. AS A RESULT THE DEFENDANT'S SENTENCING VIOLATES MR. McDANIEL'S STATUTORY RIGHTS AND HIS RIGHTS UNDER ARTICLE I. SECTION 10 OF THE OHIO CONSTITUTION, AS WELL AS THE FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
The trial court found that McDaniel caused physical harm to a person, triggering the three-year community control requirement of R.C.2967.28(B)(3). The court stated, however, that it made its finding "pursuant to R.C. 2929.13(B)." That section, at division (1)(a), likewise requires the court to determine whether an offender "caused physical harm to a person." Id. Even so, R.C. 2929.13(B) prescribes considerations which apply to sentences imposed for felonies of the fourth and fifth degree, and McDaniel's offense is a felony of the third degree. In imposing statutory sentences for felonies of the third degree, the court must be guided by the considerations in R.C. 2929.13(C), which contains no specific reference to physical harm to a person. Instead, that section requires the court to "comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and section 2929.12
of the Revised Code."
McDaniel argues that the trial court erred when it made its physical harm finding pursuant to division (B)(1)(a) of R.C. 2929.13, and we agree. That division of the section has no application to McDaniels' third degree felony of involuntary manslaughter. The court was required to proceed instead under division (C) of R.C. 2929.13, which applies to third degree felonies. The error is harmless, however. Physical harm to a victim is relevant to several of the considerations in R.C. 2929.11 and R.C. 2929.12 to which division (C) of R.C. 2929.13 requires the court to refer when imposing a sentence for a third degree felony. Therefore, McDaniel suffered no prejudice as a result of the error involved.
McDaniel's remaining arguments under this section are each predicated on his claim that the trial court abused its discretion when it found that he caused physical harm to the victim. That claim, in turn, relies on our previous holding in State v. McDaniel (2001), 141 Ohio App.3d 487, that the trial court erred when it relied on uncharged misconduct unrelated to McDaniel's criminal liability to find that he had committed the worst form of the offense of which he was convicted. The court made that finding pursuant to R.C.2929.14(C) as a basis for its imposition of a maximum, five year sentence for McDaniel's involuntary manslaughter offense.
The misdemeanor underlying McDaniel's conviction for involuntary manslaughter was permitting drug abuse. R.C. 2925.13(B). The uncharged misconduct was suggested by an autopsy repot attached to a presentence investigation report prepared for the court. The autopsy revealed that the victim's body bore numerous abrasions and contusions, but that she died of a drug overdose. We found that the trial court erred when it considered the abrasions and contusions, which were not a part of the conduct involved in the offense of permitting drug abuse, to find that McDaniel had committed the worst form of the offense of involuntary manslaughter.
On remand, the court imposed a four year sentence, not a five year sentence. The court imposed its sentence, at least in part, in consideration of its finding that McDaniel had caused physical harm to the victim. McDaniel argues that the court again abused its discretion by relying on the same uncharged misconduct. We do not agree.
The trial court did not again find that McDaniel had committed the worst form of involuntary manslaughter. Rather, it found in committing that offense he had caused physical harm to a person. McDaniel claims that the court necessarily relied on the same uncharged misconduct. The court didn't explain the basis for its finding, and instead merely checked-off a pre-printed box on its sentencing entry so indicating.
The court wasn't required to explain the basis for its finding or to consider the uncharged misconduct that was a concern in the previous case in order to find that the Defendant caused physical harm to a person. Involuntary manslaughter, R.C.2903.04(B), is defined as causing the death of another under certain circumstances. One of these circumstances is the commission or attempt to commit a misdemeanor. Regardless of what those circumstances are, causing the death of another necessarily involves and includes causing physical harm to that person. The court was authorized to make that finding on the basis of McDaniel's conviction for involuntary manslaughter.
The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED TO THE DEFENDANT'S SUBSTANTIAL PREJUDICE BY CONCLUDING THAT A THREE YEAR PERIOD OF POST RELEASE CONTROL WAS MANDATORY AND BY IMPOSING SAME.
Pursuant to R.C. 2967.28(B)(3), a three year period of post release control is mandatory following a prison term for a felony of the third degree that is not a felony sex offense and in the commission of which the offender "caused physical harm to a person." Defendant argues in this second assignment of error that post release control was not mandatory pursuant to R.C. 2967.28(B)(3) because he did not cause physical harm in this case.
We have found that the trial court did not abuse its discretion when it found that McDaniel had caused physical harm to a person.
The second assignment of error is overruled.
 Conclusion
Having overruled the assignments of error presented, we will affirm the judgment from which this appeal was taken.
BROGAN, J. and YOUNG, J., concur.