DECISION AND JUDGMENT ENTRY
{¶ 1} Kenneth Jewell appeals the Washington County Common Pleas Court's judgment imposing the maximum sentence for his sexual battery conviction. Jewell contends the court erred by relying on uncharged criminal conduct to support its finding that he committed the worst form of the offense. He also argues the evidence does not support the court's finding that he committed the worst form of the offense. Because evidence that the incident occurred as part of a pattern of conduct is relevant to whether Jewell committed the worst form of the offense, we conclude the court did not err in considering the uncharged criminal conduct. Moreover, even without the evidence, there is sufficient evidence in the record to support the trial court's finding that Jewell committed one of the worst forms of the offense of sexual battery. Accordingly, we uphold the trial court's imposition of the maximum sentence.
 {¶ 2} In July 2002, Washington County Children Services (WCCS) received a call indicating that Jewell was having sexual intercourse with his fifteen-year-old daughter, AV. WCCS reported the alleged sexual abuse to Detective Greg Nohe of the Marietta Police Department. When Detective Nohe interviewed AV, she indicated that her father engaged in sexual intercourse and fellatio with her six times from the time she was seven until she turned fourteen.
 {¶ 3} When Detective Nohe first interviewed Jewell, Jewell denied the allegations. Detective Nohe then asked Jewell if he would be willing to take a polygraph test and Jewell agreed. The test results indicated that Jewell had been untruthful about the sexual abuse. Upon learning the results, Jewell admitted that he had sexual intercourse with his daughter. However, he indicated that it only occurred on one occasion.
 {¶ 4} In January 2003, the grand jury indicted Jewell on one count of sexual battery in violation of R.C. 2907.03(A)(5) and one count of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A) and (B)(3). Three months later, Jewell pled guilty to sexual battery. In exchange for Jewell's guilty plea, the state dismissed the charge of unlawful sexual conduct with a minor. The court then continued the matter for a combined sentencing/sexual predator determination hearing and ordered a presentence investigation report. At the hearing, the court found Jewell to be a sexually oriented offender. It also sentenced him to five years in prison, the maximum sentence permitted for sexual battery. Jewell now appeals and raises the following assignment of error: "The trial court erred in imposing a five-year maximum sentence on Mr. Jewell. R.C. 2929.14(C), R.C.2929.19(B)(2)(d); Fifth and Fourteenth Amendments, United States Constitution; Section 16, Article I, Ohio Constitution."
 {¶ 5} A defendant may appeal as a matter of right when the trial court imposes the maximum sentence and the sentence is imposed for only one offense, unless the maximum sentence is statutorily mandated. R.C. 2953.08(A)(1)(a). A defendant may also appeal as a matter of right when the sentence is contrary to law. R.C. 2953.08(A)(4). We may not reverse a sentence unless we find, by clear and convincing evidence, that the sentence is not supported by the record or that it is contrary to law. R.C.2953.08(G)(2). See, also, State v. Holsinger (Nov. 20, 1998), Pike App. No. 97CA605. In this context, we do not substitute our judgment for that of the trial court nor do we defer to its discretion. State v. Keerps, Washington App. No. 02CA2, 2002-Ohio-4806. Rather, we will look to the record to determine whether the sentencing court: (1) considered the statutory factors; (2) made the required findings; (3) relied on substantial evidence in the record to support those findings; and (4) properly applied the statutory guidelines. See State v.Dunwoody (Aug. 5, 1998), Meigs App. No. 97CA11, citing Griffin 
Katz, Ohio Felony Sentencing Law (1998), Section 9.16.
 {¶ 6} R.C. 2929.14(C) limits a trial court's authority to impose the maximum term of imprisonment. Under R.C. 2929.14(C), maximum sentences are reserved for those offenders who: (1) committed the worst forms of the offense; (2) pose the greatest likelihood of committing future crimes; (3) certain major drug offenders; and (4) certain repeat violent offenders. If the trial court imposes the maximum sentence, it must not only make one of the required findings but also give its reasons for doing so. R.C. 2929.19(B)(2)(d).
 {¶ 7} At the sentencing hearing, the trial court found that Jewell committed the worst form of sexual battery. The court stated: "This was a parent-child rape. It was a sexual battery, but there was vaginal intercourse by the Defendant's own admission. It occurred over a period of years. He was the biological father of the child, but he had also, after her sister had been molested, been trusted through the court system with custody of his own daughter. It incurred — occurred at their own home in their own residence. Her statement is that he continued to ask her for sex." The court also noted that Jewell denied the allegations at first, only admitting them after the polygraph indicated he had been untruthful. The court indicated that when Jewell did confess," he confessed minimally, said it happened on one occasion." Additionally, the court noted that Jewell blamed AV for the incident, saying that she asked him to have sex with her.
 {¶ 8} In his first argument under his assignment of error, Jewell contends the court erred by relying on conduct for which he was neither charged nor convicted to support its finding that he committed the worst form of the offense. He notes that although the sexual battery charge to which he pled guilty involved conduct that occurred when AV was fifteen, the court found that the sexual abuse occurred over a period of years beginning when AV was seven. Relying on State v. McDaniel
(2001), 141 Ohio App.3d 487, 751 N.E.2d 1078, Jewell argues the trial court may not consider facts and circumstances that are unrelated to the charged offense when determining whether he committed the worst form of the offense.
 {¶ 9} When determining whether an offender committed the worst form of the offense, the trial court must consider the totality of the circumstances surrounding the offense. State v.Johnson, Washington App. No. 01CA5, 2002-Ohio-2576; State v.Coleman, Meigs App. No. 00CA010, 2001-Ohio-2436. See, also,State v. Garrard (1997), 124 Ohio App.3d 718, 707 N.E.2d 546. In doing so, the court is guided by the seriousness factors outlined in R.C. 2929.12(B)(C).[1] State v. Anderson, Washington App. No. 02CA15, 2003-Ohio-2602; State v. Stanley
(Nov. 18, 1998), Meigs App. No. 97CA21. See, also, State v.Pruhs, Clermont App. No. CA2001-03-037, 2001-Ohio-8661. However, the seriousness factors in R.C. 2929.12(B)(C) are not exclusive.Stanley, supra; State v. Frankos (Aug. 23, 2001), Cuyahoga App. No. 78072. Rather, R.C. 2929.12(A) expressly provides that the trial court "may consider any other factors that are relevant to achieving [the] purposes and principles of sentencing." R.C.2929.12(A). See, also Stanley; Frankos.
 {¶ 10} In State v. Stanley (Nov. 18, 1998), Meigs App. No. 97CA21, we addressed the issue of whether a trial court's inquiry under R.C. 2929.12(B) and R.C. 2929.14(C) is limited to the offender's conduct and to the direct results of the offense itself. In Stanley, the defendant pled guilty to one count of attempting to tamper with evidence and one count of receiving stolen property, charges that arose out of her role in the events leading up to Todd Johnson's death.[2] At sentencing, the court imposed the maximum term of imprisonment on both counts and ordered the sentences run consecutively. In addressing the seriousness factors under R.C. 2929.12(B), the trial court found Stanley's conduct more serious than conduct normally constituting the offense based on the fact that Johnson suffered serious physical injury. The court also found that Stanley committed the worst form of the offenses of attempted tampering with evidence and receiving stolen property. On appeal, Stanley noted that she did not cause Johnson's injuries and that the offenses she committed did not cause Johnson physical harm. She argued the court erred by considering matters other than her conduct and the results of the offenses she committed. We disagreed and upheld the trial court's imposition of maximum sentences.
 {¶ 11} In discussing Stanley's argument relative to R.C.2929.12(B), we held: "[I]n determining whether an offender's conduct is `more serious' than conduct normally constituting the offense under R.C. 2929.12(B), a trial court should consider anything `relevant' to that issue. This includes factors beyond those enumerated in the statute * * *." Stanley. We further held that the factors in R.C. 2929.12 are a useful guide when determining whether an offender committed the worst form of the offense. Id. However, we noted that the R.C. 2929.12 factors are only one component in the court's determination of whether an offender committed the worst form of the offense. Id., quotingState v. Coyle (Oct. 13, 1997), Clermont App. No. CA97-02-014. In Stanley, we held that" a trial court may consider all `relevant' facts and circumstances surrounding an offense when determining whether an offender committed the worst form of that offense pursuant to R.C. 2929.14(C)."
 {¶ 12} We believe the context in which an incident of sexual abuse occurs constitutes a fact or circumstance surrounding that offense. That is, evidence that Jewell's sexual abuse of AV occurred as part of a pattern of conduct is relevant to whether he committed the worst form of the offense because it sheds light on the nature of his offense. An isolated incident of sexual abuse perpetrated by a father on his minor daughter is horrifying enough. The incident is even more horrifying when it is part of a repeated pattern of sexual abuse. Moreover, the evidence is necessary to understand the harm AV suffered, for it is impossible to isolate the harm caused by this single incident from the harm caused by the past incidents. Because evidence that the sexual abuse occurred as part of a pattern of conduct is relevant to whether Jewell committed the worst form of the offense, we conclude the court did not err in considering the evidence. However, as the discussion that follows will show, even without this evidence, there is sufficient evidence in the record to support the court's finding that Jewell committed one of the worst forms of the offense of sexual battery.
 {¶ 13} In his second argument under his assignment of error, Jewell contends the evidence does not support the court's finding that he committed the worst form of sexual battery. As part of his argument, Jewell contends the court may not rely on the existence of a parent-child relationship to support its finding because a parent-child relationship is an element of this offense. Jewell's argument presumes the court is only permitted to compare his offense to other offenses under the same specific subsection. However, we do not construe the word "offense" in" worst form of the offense" so narrowly. In determining whether an offender committed the worst form of the offense of sexual battery, the court may look at not only the specific subsection the offender violated but also the other forms of sexual battery. See, e.g., State v. Baldwin (June 29, 2001), Ashtabula App. No. 99-A-0069 ("Baldwin did not commit a garden variety sexual battery, he committed sexual battery against his own daughter when she was less than thirteen years old.")
 {¶ 14} R.C. 2907.03 establishes more than one form of the offense of sexual battery. See R.C. 2907.03(A)(1)-(9). It provides: "No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply: (1) The offender knowingly coerces the other person to submit by any means that would prevent resistance by a person of ordinary resolution. (2) The offender knows that the other person's ability to appraise the nature of or control the other person's own conduct is substantially impaired. (3) The offender knows that the other person submits because the other person is unaware that the act is being committed. (4) The offender knows that the other person submits because the other person mistakenly identifies the offender as the other person's spouse. (5) The offender is the other person's natural or adoptive parent, or a stepparent, or guardian, custodian, or person in loco parentis of the other person. (6) The other person is in custody of law or a patient in a hospital or other institution, and the offender has supervisory or disciplinary authority over the other person. (7) The offender is a teacher, administrator, coach, or other person in authority employed by or serving in a school for which the state board of education prescribed minimum standards pursuant to [R.C. 3301.07], the other person is enrolled in or attends that school, and the offender is not enrolled in or does not attend that school. (8) The other person is a minor, the offender is a teacher, administrator, coach, or other person in authority employed by or serving in an institution of higher education, and the other person is enrolled in or attends that institution. (9) The other person is a minor, and the offender is the other person's athletic or other type of coach, is the other person's instructor, is the leader of a scouting troop of which the other person is a member, or is a person with temporary or occasional disciplinary control over the other person." R.C. 2907.03.
 {¶ 15} Before March 1998, Jewell's argument might have had merit. At that time, the statute provided for different punishments depending upon which subsection of the statute an offender violated. See R.C. 2907.03(B) (July 1996). Under the statute, a violation of R.C. 2907.03(A)(2), (3), or (4) was a felony of the fourth degree while a violation of the other subsections was a felony of the third degree. Id. Thus, the statute itself designated some forms of sexual battery as more serious than others. By proscribing a higher level of punishment for certain forms of the offense, the legislature acknowledged that those forms were more serious. Because the statute already contained a seriousness analysis, i.e., it indicated which forms were more serious, it would have been improper for the trial court to again consider that information in determining that an offender committed the worst form of the sexual battery.
 {¶ 16} However, the current statute no longer distinguishes between the forms of the offense in establishing the penalty. See R.C. 2907.03(B). Under the current version, violation of the statute is a third degree felony, no matter what form that violation may take. Id. Thus, the statute no longer designates certain forms of the offense as more serious than others. Rather, each form of the offense is treated equally with regards to its level of seriousness. Given this equal statutory treatment, we do not think it is improper for trial courts to conclude that some forms of sexual battery are more serious than others.
 {¶ 17} Additionally, R.C. 2907.03(A)(5), the subsection under which Jewell was charged, covers a variety of different relationships. It applies when the offender is the victim's biological parent, adoptive parent, stepparent, guardian, custodian, or person in loco parentis. R.C. 2907.03(A)(5). Thus, the exact nature of the relationship between the offender and the victim may be relevant to whether the offender committed the worst form of the offense.
 {¶ 18} Based on the above, we conclude the court could properly consider the fact that Jewell was AV's biological father in determining whether Jewell committed the worst form of sexual battery. Moreover, having reviewed the record, we conclude there is sufficient evidence to support the trial court's finding that Jewell committed one of the worst forms of the offense of sexual battery.
 {¶ 19} The evidence shows Jewell had sexual intercourse with his fifteen-year-old daughter. Jewell is not only AV's biological father, but her custodial parent as well. According to the record, Jewell received custody of AV after her mother's boyfriend sexually molested her older sister. As her custodial parent, Jewell was responsible for AV's health and welfare. It was his responsibility to protect AV. Instead, he sexually abused her.
 {¶ 20} The evidence also shows that Jewell initially refused to take responsibility for his actions. Only after he failed the polygraph test, did he admit that he had sexually abused AV. And after he confessed, Jewell blamed AV for the incident. According to the presentence investigation report, Jewell claims AV kept asking him to have sex with her. Moreover, as the court noted, Jewell attempts to minimize the seriousness of the offense by claiming it was only "straight sex", i.e. vaginal sex, and by indicating that he did not ejaculate inside AV. Finally, as the court indicated while discussing the seriousness factors, AV suffered psychological harm as a result of the incident.
 {¶ 21} In determining whether an offender committed the "worst form of the offense", the trial court is not required to compare the offender's conduct to some hypothetical absolute worst form of the offense. State v. Johnson, Washington App. No. 01CA5, 2002-Ohio-2576, fn.6. Rather, the trial court must consider the totality of the circumstances when determining whether an offender committed the" worst form of the offense".State v. Coleman, Meigs App. No. 00CA010, 2001-Ohio-2436, citing State v. Garrad (1997), 124 Ohio App.3d 718, 722,707 N.E.2d 546. Because there is sufficient evidence in the record to support the court's finding that Jewell committed one of the worst forms of sexual battery, we conclude Jewell's argument has no merit. Accordingly, Jewell's assignment of error is overruled and the trial court's imposition of the maximum term of imprisonment is upheld.
Judgment affirmed.
Kline, P.J. Abele, J.: Concur in Judgment and Opinion.
[1] R.C. 2929.12(B)(C) set forth factors designed to aid the trial court in determining whether the offender's conduct is more or less serious than conduct normally constituting the offense. For the sake of brevity, we have not reproduced the specific statutory factors here.
[2] In Stanley, the relevant facts include: "Stanley was present while two other individuals viciously assaulted Johnson. During the assault one of the individuals forced Johnson to give him his billfold and credit cards. That individual gave the billfold and credit cards to Stanley, who in turn gave them to another person present at the scene. Stanley and another individual then tried, unsuccessfully, to push Johnson's truck into a creek. Subsequently, Johnson either jumped into the creek or was pushed or thrown into the creek by the individuals responsible for the assault. Johnson drowned in the creek."