OPINION
{¶ 1} Defendant-appellant, George Phillip Meenach, appeals the decision of the Madison County Court of Common Pleas sentencing him to a maximum prison term of five years after he was convicted of unlawful sexual conduct with a minor, a third-degree felony.
 {¶ 2} In 2002, appellant was indicted on one count of rape, two counts of unlawful sexual conduct with a minor, two counts of importuning, and three counts of corrupting another with drugs. The offenses involved three minor boys, including the victim in this appeal. In 2003, the state of Ohio moved to amend the indictment to reflect only Count Two, unlawful sexual conduct with a minor, the victim (at the time of the offense, the victim was 14 years old). The other seven counts were dismissed. Appellant pled guilty to Count Two. The trial court accepted appellant's plea and ordered a presentence investigation report ("PSI").
 {¶ 3} In a sentencing memorandum, appellant's attorney urged the trial court to sentence appellant to a minimum prison term, claiming that sentencing appellant to a maximum prison term "would serve no useful purpose as it would not deter [appellant] from similar acts of criminal behavior in the future, and would have no rehabilitative effect on [appellant]." At a sentencing hearing, the trial court sentenced appellant to a five-year prison term, the longest prison term for a third-degree felony under R.C. 2929.14(A)(3). Appellant now appeals the trial court's sentencing decision and raises two assignments of error.
 {¶ 4} In his first assignment of error, appellant argues that the trial court erred by failing (1) to make the required findings at the sentencing hearing, and (2) to state its reasons for imposing the maximum sentence.
 {¶ 5} Before imposing a maximum prison sentence, the sentencing court must find that the offender committed the worst form of the offense, the offender poses the greatest likelihood of committing future crimes, the offender is a "major drug offender," or the offender is a "repeat violent offender." R.C.2929.14(C). When imposing a maximum sentence, the sentencing court is required to give its reasons for imposing such a sentence. R.C. 2929.19(B)(2)(d). The sentencing court must make its findings regarding maximum sentences and give the reasons for those findings on the record at the sentencing hearing. State v.Howard, Fayette App. No. CA2003-01-001, 2004-Ohio-423, ¶ 11, citing State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, andState v. Newman, 100 Ohio St.3d 24, 2003-Ohio-4754.
 {¶ 6} Contrary to appellant's assertion, the trial court stated at the sentencing hearing that appellant "poses the greatest likelihood of committing future crimes." The trial court therefore made the necessary statutory finding for imposing a maximum sentence in compliance with R.C. 2929.14(C). Howard at ¶ 13. During the sentencing hearing, the trial court also stated its reasons for finding that appellant posed the greatest likelihood of committing future crimes:
 {¶ 7} "Mr. Meenach, in 1982 I sentenced you three to ten years on two counts of gross sexual imposition and I sentenced you to a consecutive term of two to * * * five on two counts of attempted gross sexual imposition.
 {¶ 8} "[Y]ou were paroled sometime in 1985 and ultimately * * * violated, what was referred to as a technical violation at that time, but involved an allegation of improper touching of a young man and the parole revoked, you were returned to serve the sentence and indeed served all 15 years which is rare when indeterminate sentences were being imposed.
 {¶ 9} "We conducted a sexual predator hearing in 1997 * * * while you were still in the institution, * * * and a factual determination was made at that time that you indeed were to be classified as a sexual predator[.] You were released from the institution, and from my understanding from everything that has been in front of me you complied with the registration requirements on a regular basis[,] and notwithstanding the classification and * * * your compliance with registration[,] the public obviously is not protected and ultimately you were reindicted on the eight counts, one to which you ultimately entered a plea."
 {¶ 10} The trial court then adopted findings made in the PSI by the probation department, including "[appellant] has a history of criminal convictions. [Appellant] has previously served 15 years for gross sexual imposition and attempted gross sexual imposition from this court. [Appellant] has not responded favorably to sanctions imposed for criminal convictions. [Appellant] was paroled in 85, 86 returned to maximum prison. By [appellant's] own admission gave in to relapse triggered by associating himself with young men." The trial court then found that appellant posed the greatest likelihood of committing future crimes, and that a maximum sentence was both "appropriate and necessary."
 {¶ 11} We find that these reasons more than amply support the trial court's finding that appellant posed the greatest likelihood of committing future crimes. The trial court therefore complied with R.C. 2929.19(B)(2)(d) and relevant case law. The trial court did not err by imposing a maximum sentence of five years following appellant's conviction for unlawful sexual conduct with a minor. Appellant's first assignment of error is overruled.
 {¶ 12} In his second assignment of error, appellant argues that the trial court erred by incorporating into the record portions of the PSI which recited facts concerning offenses appellant was alleged to have committed but for which appellant was not convicted. Specifically, appellant refers to facts in the PSI that resulted in the other seven counts of the indictment that were subsequently dismissed by the state. Appellant citesState v. McDaniel (2001), 141 Ohio App.3d 487, in support of his argument.
 {¶ 13} In McDaniel, the defendant was charged with and pled guilty to the involuntary manslaughter of April Buell as a result of his permitting drug abuse. The defendant was not charged with and did not plead guilty to causing Buell's death by severely beating her. The trial court found that the defendant had committed the worst form of the offense and imposed a maximum sentence. In its entry, the trial court made it clear that it was basing its conclusion that the defendant had committed the worst form of the offense upon the observation, in the autopsy report, that the victim had numerous bruises and contusions over her body, which the trial court implicitly attributed to the defendant having beaten the victim. The Second Appellate District reversed the sentence, finding that a trial court cannot properly base a finding that a defendant has committed the worst form of the offense upon facts unrelated to and that did not comprise the offense as it was charged. Id. at 491-492.
 {¶ 14} Our response to appellant's argument as based onMcDaniel is threefold. First, unlike the defendant inMcDaniel, appellant was originally charged with the other seven counts. They were subsequently dismissed when appellant agreed to plead guilty to Count Two. Second, unlike in McDaniel, the trial court in the case at bar did not rely on those counts and their surrounding facts when it found that appellant posed the greatest likelihood of committing future crimes. A thorough review of the record clearly shows that the trial court only considered the information as it related to Count Two, the charge to which appellant pled guilty. Nothing in the record even remotely suggests that the trial court considered information unrelated to Count Two. Finally, "[c]riminal wrongdoing, even without convictions, is part of an accused's social history and thus properly included in a [PSI]." State v. Richey (1992),64 Ohio St.3d 353, 358; State v. Slider (May 20, 1994), Washington App. No. 93 CA 26. Appellant's second assignment of error is accordingly overruled.
 {¶ 15} The judgment is affirmed.
Judgment affirmed.
Powell and Valen, JJ., concur.