DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Charles McGowan, appeals the decision of the Wayne County Court of Common Pleas, which sentenced him to a total prison term of 24 months after finding him guilty of two counts of importuning, a violation of R.C. 2907.07. This Court affirms.
 I {¶ 2} Appellant was indicted on two counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04, felonies of the third degree. Pursuant to a plea agreement, the State dismissed the original indictment and amended the charge to two counts of importuning, felonies of the fifth degree, in violation of R.C. 2907.07(C). Appellant entered pleas of guilty on both counts of importuning. The trial court accepted appellant's guilty plea and sentenced him to a term of imprisonment of one year for each count to be served consecutively.
 {¶ 3} Appellant filed a motion for delayed appeal which was granted by this Court. Appellant presents two assignments of error for review. As both assignments of error challenge the trial court's ruling regarding the duration of the sentence imposed upon appellant, they been combined to facilitate review.
 II FIRST ASSIGNMENT OF ERROR
"The trial court erred to the prejudice of the defendant/appellant by imposing the maximum sentence for the offense of importuning, a felony of the fifth degree."
 SECOND ASSIGNMENT OF ERROR
"The trial court erred to the prejudice of the defendant/appellant by sentencing the defendant/appellant to consecutive sentences which exceeded the maximum sentence allowed for the most serious offense for which the defendant was convicted."
 {¶ 4} In his first assignment of error, appellant argues that the trial court erred in imposing the maximum sentence on each count and in ordering that the sentences be served consecutively. Specifically, appellant contends that the trial court relied upon evidence that did not constitute the charges appellant pled guilty to in deciding to impose the maximum sentence on each count of importuning and in ordering that the sentences be served consecutively. In addition, appellant argues that the trial court did not state its reasons for imposing consecutive sentences as required by R.C. 2929.19(B)(2).
 Maximum Sentences {¶ 5} A trial court's requirement to make findings on the record when imposing a maximum sentence is governed by R.C.2929.14(C), which states in pertinent part, that:
"* * * [T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to [R.C. 2929.14(A)] only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, [or upon certain major drug offenders and repeat violent offenders.]"
 {¶ 6} A review of the sentencing transcript in the present case makes it clear that the trial court based its decision to impose the maximum sentences on factors other than appellant's alleged sexual contact with the victims in determining that appellant had committed the worst form of importuning. The court stated:
"In a real sense these are the worst forms of these kinds of offenses because of your position of authority and because trust was placed in you by the parents while the children were at your home. So it is the Court's view that the maximum penalty on each of these two offenses is appropriate and you're sentenced to 12 months on each of the two counts."
 Consecutive Sentences {¶ 7} Under R.C. 2929.14(E)(4) the trial court must make one of three statutorily required findings regarding imposition of consecutive sentences, one being that:
"At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct." R.C.2929.14(E)(4)(b).
 {¶ 8} Additionally, R.C. 2929.19(B)(2)(c) requires the trial court to state its reasons for imposing consecutive sentences under R.C. 2929.14. If a trial court fails to make the required findings, the appellate court "shall remand the case to the sentencing court and instruct the sentencing court to state, on the record, the required findings." R.C. 2953.08(G)(1). These findings and reasons must also be given orally by the court at the sentencing hearing before a consecutive sentence may be imposed. State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 26.
 {¶ 9} When imposing consecutive sentences, the trial court must also explicitly find on the record that consecutive sentences are "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public[.]" R.C.2929.14(E)(4). Comer also applies to these additional required findings: a trial court must both make the required findings and give its rationale for those findings at the sentencing hearing. See Comer at paragraph one of the syllabus. The court may use the same rationale to support all of the statutorily required findings." State v. Shipley, 9th Dist. No. 03CA008275, 2004-Ohio-434, at ¶ 86.
 {¶ 10} After reviewing the transcript of the sentencing hearing, this Court finds that the trial court did make the required findings and presented sufficient reasons in support of those findings when it sentenced appellant to consecutive terms of incarceration for the crime of importuning.
 {¶ 11} This Court further finds that the trial court appropriately looked at the allegations that formed the basis of the two counts of unlawful sexual conduct with a minor when sentencing appellant. The Supreme Court of Ohio stated in Statev. Wiles (1991), 59 Ohio St.3d 71, 78:
"`* * * It is well established that a sentencing judge may take into account facts introduced at trial relating to other charges, even ones of which the defendant has been acquitted. * * *'" (Citations omitted.).
In addressing this same issue, the Eighth Appellate District stated:
"`Notwithstanding that an offense has been plea bargained to a lesser offense, presentence reports are traditionally written to contain all facts in the police file. Likewise, judges have been accustomed to sentence an offender based on the judge's perception of the true facts even though such facts may be inconsistent with a plea bargain. For example, a robbery charge may be plea bargained to an attempted robbery. A charge of grand theft of a motor vehicle may be plea bargained to an attempted grand theft of a motor vehicle. Notwithstanding the plea bargain the judge may sentence the offender within the statutory parameters of the plea bargained offense based upon what the record shows to have been the real facts of the offense. Thus, seriousness of the offense will generally be based upon the judge's perception of the real facts of what occurred, and the plea bargained offense will simply set a ceiling on what the judge can impose.'" State v. Hayes, 8th Dist. No. 81090, 2002-Ohio-6232, at ¶ 13, quoting Griffin Katz Ohio Felony Sentencing Law (2000) at 450-451. See, also, State v. Blake,
3rd Dist. No. 14-03-33, 2004-Ohio-1952; State v. Williams, 2nd Dist. No. 19026T, 2002-Ohio-2908.
 {¶ 12} To support his argument, appellant cites State v.McDaniel (2001), 141 Ohio App.3d 487. In McDaniel, the defendant pled guilty to the charge of involuntary manslaughter. The bill of information charging the defendant stated that the defendant did cause the death of another as a proximate result of the defendant committing or attempting to commit permitting drug abuse. In concluding that the defendant had committed the worst form of the offense of involuntary manslaughter, the trial court relied upon an autopsy report which indicated that the victim had a number of bruises which the court implicitedly attributed to the defendant having beaten the victim. The Second Appellate District held: "In our view, a trial court may not properly base a finding that a defendant has committed the worst form of the offense, for purposes of R.C. 2929.14(C), upon facts and circumstances that do not comprise a part of the conduct involved in the charged offense." Id. at 492. The Second Appellate District reversed the decision of the trial court, finding that it erroneously based its finding that the defendant had committed the worst form of the offense upon the beatings suggested by the autopsy report.
 {¶ 13} This Court notes that the decision of the Second Appellate District in McDaniel is not controlling on this Court. Furthermore, the present case is distinguishable fromMcDaniel. In this case, unlike McDaniel, appellant was indicted on charges relative to sexual conduct. The information contained in the autopsy report in McDaniel was not relevant to the charge the defendant pled to. Consequently, this Court finds that the trial court did not err in considering facts related to the charge of unlawful sexual conduct with a minor in this case.
 III {¶ 14} Appellant's first and second assignments of error regarding the imposition of maximum and consecutive sentences is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
Baird and Slaby, JJ., concur.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Baird, J., Slaby, J. Concur.