OPINION
{¶ 1} Defendant-appellant, Garry Hart, appeals his sentence in the Butler County Court of Common Pleas for burglary.
 {¶ 2} In 2003, appellant was indicted on one count of burglary and one count of grand theft for the burglary of his grandfather's home and theft of several thousands of dollars in cash, U.S. Savings Bonds, stock certificates, and tools. Pursuant to a plea bargain, appellant pled guilty to a third-degree felony burglary charge. The trial court sentenced appellant to five years in prison, the maximum term for a third-degree felony. The trial court also ordered that the sentence be served consecutively to a previously imposed prison sentence in an unrelated drug trafficking case. This appeal follows.
 {¶ 3} In his sole assignment of error, appellant argues that the trial court erred by sentencing him to a maximum[1]
consecutive prison term.
 {¶ 4} Before imposing a maximum prison sentence, the trial court must find that the offender committed the worst form of the offense, the offender poses the greatest likelihood of committing future crimes, the offender is a "major drug offender," or the offender is a "repeat violent offender." R.C. 2929.14(C). When imposing a maximum sentence, the trial court is required to give its reasons for imposing such a sentence. R.C. 2929.19(B)(2)(d). The sentencing court must make its findings regarding maximum sentences and give the reasons for those findings on the record at the sentencing hearing. State v. Meenach, Madison App. No. CA2003-04-017, 2004-Ohio-1864, ¶ 5, citing State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, and State v. Newman,100 Ohio St.3d 24, 2003-Ohio-4754.
 {¶ 5} At the sentencing hearing, the trial court found that appellant "pose[s] the greatest likelihood of committing future crimes." This finding supports the imposition of a maximum sentence under R.C. 2929.14(C). In support of its finding, the trial court noted appellant's "significant extensive criminal record" as a juvenile and an adult, the fact he had been sentenced to prison at least on three separate prior occasions even though he was only 25 years old, how "recidivism factors [were] off the chart in this case," and appellant's failure "to respond favorably to any sanctions that have been imposed for criminal convictions in the past."
 {¶ 6} The trial court also noted that "the injury to the victim was worsened by the age of the victim, and that the victim suffered serious economic harm as a result of this offense, and that [appellant] used his position of trust of being the grandson to perpetrate the crime. And he used his relationship with the victim to facilitate the offense." The court further stated:
 {¶ 7} "This Court views him as a serious and significant threat to the safety of the community and very few people come across in my mind that need to be housed as much as [appellant]. The presentence investigation report references the report of assessment done by Dr. Hopes four or five years ago * * * [which] indicates that he's an extremely poor candidate for treatment, even back when she did this report, that he suffers from anti-social personality disorder. His probation officer in the juvenile court system indicates that [appellant] is a threat to his family and community in general. Consequences mean very little to [appellant] as evidenced by recent behavior."
 {¶ 8} We find that these reasons more than amply support the trial court's finding that appellant posed the greatest likelihood of committing future crimes. The trial court did not err by imposing a maximum sentence of five years following appellant's burglary conviction.
 {¶ 9} Before imposing consecutive prison sentences, the trial court must make three findings under R.C. 2929.14(E)(4). First, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. Second, the consecutive terms must not be disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Finally, the trial court must find that one of the factors listed in R.C.2929.14(E)(4)(a) through (c) applies. One of the factors is that "the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." R.C. 2929.14(E)(4)(c). The trial court must state sufficient supporting reasons for the imposition of such sentences. R.C. 2929.19(B)(2)(c); State v. Boshko
(2000), 139 Ohio App.3d 827, 838.
 {¶ 10} At the sentencing hearing, the trial court ordered that appellant's sentence for his burglary conviction be served consecutively to a previously imposed prison sentence in an unrelated drug trafficking case. The trial court found that the consecutive sentences "are necessary to adequately punish you, are not disproportionate to your offense, and that your criminal history shows consecutive terms are needed to protect the public." We find that these findings support the imposition of consecutive sentences under R.C. 2929.14(E)(4)(c). The trial court need not recite the exact words of the statute in order to impose consecutive sentences upon an offender. Id. at 839. The trial court also stated its reasons by incorporating the reasons it had previously made to support the imposition of the maximum sentence. These reasons more than amply support the imposition of consecutive sentences.
 {¶ 11} Appellant argues, however, that "although the court made findings regarding the Appellant's criminal history being extensive, the court took that into account in imposing a maximum sentence." Appellant appears to argue that once the trial court considered appellant's criminal history in imposing a maximum sentence, it could not consider it to impose consecutive sentences. We disagree.
 {¶ 12} The trial court's imposition of consecutive sentences was based upon R.C. 2929.14(E)(4)(c) which specifically "permits the court to consider the offender's total criminal history — all of the crimes of conviction and all past offenses, adult and juvenile. * * * The language in R.C. 2929.14(E)(4)(c) * * * places the focus solely on the offender, not on the need to deter others. * * * For higher level offenses [first through third degree felonies], R.C. 2929.14(E)(4)(c) is most likely to come into play with offenders who are not repeat violent offenders but whose history of criminal conduct and character are such as to make clear that the maximum [sentence] will not adequately protect the public from the danger that they pose." Griffin 
Katz, Ohio Felony Sentencing Law (2003) 815, Section 8:18. We therefore find that the trial court properly considered appellant's criminal history in imposing both a maximum and consecutive sentence.
 {¶ 13} Appellant also argues that the consecutive sentence imposed was improper because the trial court never informed him at the plea hearing that he could receive a consecutive sentence to his unrelated drug trafficking prison sentence. Appellant doesnot argue that his guilty plea was not knowing, intelligent, and voluntary because of the trial court's failure to inform him at the plea hearing that the foregoing sentences could be ordered to be served consecutively. Appellant does not cite any cases in support of his argument. The state ignores appellant's argument entirely.
 {¶ 14} While a trial court is required to personally address a defendant at a plea hearing regarding "the maximum penalty involved," Crim.R. 11(C)(2), it is not required to inform the defendant that his sentences may be imposed consecutively. SeeState v. Johnson (1988), 40 Ohio St.3d 130. As the Ohio Supreme Court stated, "[t]here is no specific requirement in [Crim.R. 11] that an explanation be made that any sentences as given may run consecutively, or only concurrently, as might benefit the defendant. We shall not at this time implant verbiage that is not presently in the rule." Id. at 133-134. It follows that the trial court did not err by failing to inform appellant at the plea hearing that his burglary sentence could run consecutively to his unrelated drug trafficking prison sentence. See State v.Portefield, Trumbull App. No. 2002-T-0045, 2004-Ohio-520.
 {¶ 15} We therefore find that the trial court did not err by imposing a maximum consecutive sentence. Appellant's sole assignment of error is overruled.
Judgment affirmed.
Walsh and Valen, JJ., concur.
[1] Appellant argues that the trial court erred by imposing a maximum sentence "as there was evidence of provocation by the victim[.]" We have found no such evidence in the record before us. The prosecutor indicated at the sentencing hearing that on the day of the burglary, "later that same day the defendant returned to his grandfather's house and the grandfather fed him and gave him money." We hope appellant does not equate his grandfather's conduct with provocation.