DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Ross County Common Pleas Court judgment of conviction and sentence. John W.R. Raisley, defendant below and appellant herein, raises one assignment of error for review and determination:
"THE TRIAL COURT ABUSED ITS DISCRETION IN THE SENTENCING OF DEFENDANT."
 {¶ 2} On March 28, 2003, appellant pled guilty to six counts of gross sexual imposition in violation of R.C. 2907.05. The trial court, after reviewing appellant's presentence investigation and psychological evaluation, sentenced appellant to serve three years imprisonment on count one and concurrent community control sanctions on counts two through six.
 {¶ 3} On May 26, 2004, the trial court granted appellant's request for judicial release. The court placed appellant under community control sanctions that required, inter alia, appellant to successfully complete a sex offender program.
 {¶ 4} On August 17, 2005, the trial court held a hearing to consider appellant's compliance with his community control sanctions. The evidence adduced at the hearing revealed that appellant violated various terms and conditions related to his community control sanctions including having no contact with his niece, using the internet, possessing obscene photographs of juvenile females, and failing to complete the "STEP" sex offender program. The evidence further revealed that appellant's mental health therapist, Lucinda Bollinger, terminated appellant's sex offender program participation when she determined that he continued to attempt to have improper contact with young children.
 {¶ 5} After hearing the evidence and counsels' arguments, the trial court ordered appellant (1) to serve the remainder of his count one three year sentence; (2) to serve three year prison terms on counts two through six; (3) that the count one, two and three sentences be served consecutively to each other; and (4) that the count four, five and six sentences be served concurrently to each other and to the sentences in counts one, two and three. This appeal followed.
 {¶ 6} In his sole assignment of error, appellant asserts that in determining his sentence the trial court failed to consider the R.C. 2929.12 recidivism factors. Appellant contends that a court must consider "whether the offense was committed under circumstances not likely to recur" and must consider all factors, including factors beyond those specifically enumerated in the statute, when making a determination that recidivism is more or less likely. See R.C. 2929.12(E)(4). Appellant further claims that his original sex offender risk assessment evaluation suggests a relatively low recidivism probability.
 {¶ 7} Appellee argues that the trial court did, in fact, consider the pertinent recidivism factors and specifically determined that appellant represents "a continuing risk in the community." Thus, appellee contends that the trial court complied with the applicable statutes. We agree with appellee.
 {¶ 8} When reviewing criminal sentences, appellate courts must determine whether the record supports a trial court's sentencing findings and whether the sentence is contrary to law.[1] See State v. Jewell, Washington App. No. 03CA27,2004-Ohio-1294. After our review of the record in the case sub judice, we agree with appellee's view that the trial court sufficiently considered the recidivism factors. During sentencing, the trial court explicitly stated that it considered those factors. The court further determined that appellant (1) continued to have improper conduct with young females; (2) failed to complete the sex offender program; and (3) represents "a danger to this community and the citizens of this state." The court also determined that consecutive sentences are not disproportionate to the seriousness of appellant's conduct and to the danger that appellant poses to the public. The trial court thus concluded that appellant represents a continuing risk to the community and that appellant is not amenable to available community control sanctions and that a prison sentence is consistent with the purposes and principles of felony sentencing. Therefore, we agree with the appellee that the trial court did consider the pertinent factors, including recidivism factors, when it determined an appropriate sentence.
 {¶ 9} Accordingly, based upon the foregoing reasons we hereby overrule appellant's assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, P.J. Kline, J.: Concur in Judgment Opinion.
[1] Recently, the Ohio Supreme Court held that some Ohio Felony sentencing statutes violate the Sixth Amendment to the United States Constitution. See State v. Foster ___ Ohio St.3d ___, ___ N.E.2d ___, 2006-Ohio-856. In those pending cases in which Foster applies, the sentences must be vacated and the cases remanded to the trial courts for new sentencing hearings. With respect to recidivism issue raised in the case sub judice, however, we believe that Foster does not apply.
In Foster (see paragraphs 37-42), the court noted that R.C.2929.12 is a "general guidance statute," rather than a "Blakely
deficient" statute that mandates "judicial factfinding." In other words, R.C. 2929.12 merely requires trial courts to "consider" enumerated statutory factors, including the recidivism factors. Thus, the supreme court explicitly determined that R.C. 2929.12
does not offend the Sixth Amendment to the United States Constitution.