JOURNAL ENTRY AND OPINION
{¶ 1} A jury found defendant-appellant, Robert Roetman ("appellant"), guilty of both drug trafficking, with a schoolyard specification,[1] and possession of criminal tools. Appellant was sentenced to six months in prison on both counts, to run concurrently. Appellant now appeals.
 I {¶ 2} For his first assignment of error, appellant contends that the trial court erred when it denied his motion for acquittal. In particular, appellant asserts that the state did not present sufficient evidence that appellant shipped, transported, delivered, or distributed drugs, or prepared drugs for shipment or distribution, as required pursuant to R.C.2925.03. For the following reasons, however, appellant's assertion is without merit.
 {¶ 3} First, Crim.R. 29(A), motion for acquittal, provides as follows:
 {¶ 4} "(A) Motion for judgment of acquittal. The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."
 {¶ 5} The trial court must deny a motion for judgment of acquittal if, after viewing the evidence in a light most favorable to the state, reasonable minds could come to different conclusions as to whether each element of the offense had been proven beyond a reasonable doubt. State v. Wesley, Cuyahoga App. No. 80684, 2002-Ohio-4429, ¶ 26, citing State v. Bridgeman
(1978), 55 Ohio St.2d 261, 263, 381 N.E.2d 184; see, also, Statev. Collymore, Cuyahoga App. No. 81594, 2003-Ohio-3328, ¶ 47;State v. Allen (Nov. 30, 2000), Cuyahoga App. No. 82829; Statev. Litvin (Aug. 12, 1999), Cuyahoga App. Nos. 74563 and 74564;State v. Dukes (June 18, 1998), Cuyahoga App. No. 71397. A motion for judgment of acquittal under Crim.R. 29(A) should be granted only where reasonable minds could not fail to find reasonable doubt. State v. Holly (July 8, 1999), Cuyahoga App. No. 74452, citing Bridgeman. The evidence must be viewed in a light most favorable to the prosecution. See Holly. Thus, a reviewing court will not reverse a verdict where there is substantial evidence upon which the trier of fact could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, 273, 574 N.E.2d 492.
 {¶ 6} Here, as part of an on-going investigation, the Cleveland police department's narcotics unit received information through a confidential reliable informant that Hank Holloway ("Holloway"), appellant's brother-in-law and a suspected drug dealer residing in Morgan County, planned to use appellant's house on Spafford Avenue in Cleveland as one of his "stash" houses. It was believed at the time that Holloway, who had been providing large amounts of marijuana to various dealers in the Slavic Village area of Cleveland, was running out of resources because the police were finding and arresting the dealers. According to the information obtained by the police, appellant and his wife were going to Morgan County on the weekend of August 25, 2002 to pick up a large amount of marijuana and return it to Cleveland Based on that information, the police set up a surveillance of appellant's house for the entire weekend and obtained a search warrant.
 {¶ 7} On August 25, 2002, appellant and his wife returned to the house and backed their car into the driveway. Shortly thereafter, the police executed their search of appellant's house pursuant to the warrant. There were a couple of agitated dogs guarding appellant's house and the police used pepper spray to calm the dogs down. Appellant came out of his house to quiet the dogs and the police ordered him to the ground. Appellant complied, was read his Miranda rights, and handcuffed. The police asked appellant if there were any drugs, weapons, or other contraband located in the house and appellant led the police officers upstairs to a locked file cabinet. Inside the file cabinet were four individually-wrapped bags of marijuana. These bags were seized, marked, and properly processed by the police as evidence. These bags were later analyzed by the scientific investigation unit, they tested positive for marijuana, and weighed a total of 30.32 grams. In addition, the police found $1,280 in cash in appellant's upstairs bedroom.
 {¶ 8} While police officers were upstairs, other officers conducted a search of the remainder of the house, including the basement, and found a triple beam scale in a duffel bag. The police seized the scale, marked it, and processed it as evidence. Further, Detective John Dlugolinski ("Dlugolinski") told appellant about the investigation surrounding Holloway and stated that while Holloway is a "very rich man," appellant did not seem to "have that much." Appellant then told Dlugolinski that he is "not that big of a dope dealer" and that he only "sell[s] a little bit of weed."
 {¶ 9} A further search revealed a half-opened black suitcase on the living room floor. Dlugolinski testified that the suitcase was carried into the house by appellant's wife and there were clothes and toiletries inside the top part of suitcase, but the bottom part of the suitcase was partially empty. He further testified that it appeared that a block of marijuana was taken from the bottom of the suitcase, as such a block would have fit perfectly into the empty
 {¶ 10} space and prior searches in connection with the on-going investigation of Holloway discovered marijuana in block-like form in suitcases. However, a block of marijuana was never discovered. At trial, the state presented two witnesses, Detective James Cudo ("Cudo") and Dlugolinski. Both detectives were employed by the narcotics unit, had been involved in numerous drug trafficking cases, and conducted the search of appellant's house. Both detectives testified that a triple beam scale (like the one found in appellant's basement) is typically used by marijuana dealers because it holds up to 600 grams, as opposed to different scales used by cocaine dealers which hold less weight. Both detectives also testified that the triple beam scale is used to break down the marijuana for packaging into smaller amounts, such as one-eighth of an ounce, one-quarter of an ounce, one-half of an ounce, etc. Here, the four bags of marijuana in appellant's house weighed 6.61 grams (almost one-quarter of an ounce), 13.25 grams (almost one-half of an ounce), 6.55 grams (almost one-quarter of an ounce), and 3.91 grams (almost one-eighth of an ounce), respectively. Cudo testified that the large amount of cash seized from appellant, $1,280, is typical of marijuana dealers because the dealers need to purchase more marijuana to continue to sell it. Further, both detectives testified that good indicators of drug trafficking include individually-wrapped bags of marijuana, a scale, and large amounts of cash, as well as a cell phone and a pager.
 {¶ 11} Here, appellant argues that the four bags of marijuana, the scale, and the money were insufficient to sustain a conviction for drug trafficking. Appellant instead asserts that such evidence is sufficient only to sustain a conviction of drug possession, not drug trafficking. However, when viewed in the light most favorable to the state, there was evidence that appellant admitted to selling only "a little bit of weed" and evidence that something resembling a block of marijuana was missing from the black suitcase. Appellant is also Holloway's brother-in-law. Moreover, as testified by both Cudo and Dlugolinski, no rolling papers, pipes, bongs, or other evidence was seized by the police in their search that would indicate that appellant was merely using marijuana. Because the weight of the evidence and the credibility of the witnesses are matters primarily for the finder of fact, reasonable minds could come to different conclusions as to whether each element of drug trafficking had been proven beyond a reasonable doubt. State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. In accordance with Bridgeman and its progeny, there was substantial evidence presented at trial upon which the trier of fact could reasonably conclude that all the elements of drug trafficking were proven beyond a reasonable doubt.
 II {¶ 12} For his second assignment of error, appellant contends that the trial court erred when it sentenced him to prison without an adequate basis. In particular, appellant asserts that the trial court should have imposed community control sanctions upon appellant because he had no prior record and erred in justifying its prison sentence by finding that appellant's drug trafficking offense was "part of an organized criminal activity." This contention, however, lacks merit.
 {¶ 13} Pursuant to the sentencing guidelines set forth in R.C. 2929.13(B)(1)(e), the court may take the following into consideration for a felony of the fourth or fifth degree:
 {¶ 14} "(a) In committing the offense, the offender caused physical harm to a person.
 {¶ 15} "(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 {¶ 16} "(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 {¶ 17} "(d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 {¶ 18} "(e) The offender committed the offense for hire or as part of an organized criminal activity.
 {¶ 19} "(f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04,2907.05, 2907.22, 2907.31, 2907.321 [2907.32.1], 2907.322
[2907.32.2], 2907.323 [2907.32.3], or 2907.34 of the Revised Code.
 {¶ 20} "(g) The offender at the time of the offense was serving, or the offender previously had served, a prison term.
 {¶ 21} "(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.
 {¶ 22} "(i) The offender committed the offense while in possession of a firearm."
 {¶ 23} Here, the trial court based its imposition of the six month prison sentence on R.C. 2929.13(B)(1)(e) and stated as follows at the sentencing hearing:
 {¶ 24} "Mr. Roetman, as you heard me say today on the record, the verdict from the jury was guilty of PCT and drug trafficking, drug trafficking being count one. It is illegal activity and it is also considered by this Court as an act of organized criminal activity. In addition, the selling of drugs includes the addicting of other people for profit and endangers the entire community, and therefore, the Court does not believe that community control is an adequate sanction, and sentences you on count one to six months in prison; count two, six months in prison to be run concurrent with each other, with full credit for time served."
 {¶ 25} Here, despite appellant's assertion that there was no evidence that anyone other than himself was involved in the possession of the marijuana, the state presented evidence that appellant's wife and Holloway may have been involved with appellant in the drug trafficking. "Organized criminal activity" is not defined in R.C. 2929.13 and must be determined on a case-by-case basis. State v. Shryock (Aug. 1, 1997), Hamilton App. No. C-961111. Based upon our review of the evidence, the trial court did not err in sentencing appellant to six months in prison, which was the minimum sentence.
 {¶ 26} The judgment is affirmed.
Judgment affirmed.
Dyke and Rocco, JJ., concur.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Appellant's house was located within 1,000 feet of a school.