OPINION
{¶ 1} On December 19, 2002, the Stark County Grand Jury indicted appellant, Ahmad Tumea Alqam, on one count of receiving stolen property in the fourth degree in violation of R.C.2913.51. Said charge arose from receiving stolen cigarettes from the K-Mart department store gas station.
 {¶ 2} A jury trial commenced on March 3, 2003. The jury found appellant guilty of receiving stolen property, but in the fifth degree. By judgment entry filed April 16, 2003, the trial court sentenced appellant to six months in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The trial court erred in sentencing appellant to a prison term for his conviction of a fifth degree felony in violation of R.C. 2929.13(B)(1) and (2)."
 II {¶ 5} "The jury verdict finding appellant guilty of receiving stolen property was against the manifest weight of the evidence in violation of the due process clause of the united states constitution."
 I {¶ 6} Appellant claims the trial court erred in sentencing him to a prison term for a fifth degree felony when none of the factors enumerated in R.C. 2929.13(B) and R.C. 2929.12(B), (C), (D) and (E) were found by the trial court. We disagree.
 {¶ 7} R.C. 2953.08 governs an appeal of sentence for felony. Subsection (G)(2) states as follows:
 {¶ 8} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 9} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 10} "(b) That the sentence is otherwise contrary to law."
 {¶ 11} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 12} R.C. 2929.13 governs guidance by degree of felony. Subsection (B) states the following in pertinent part:
 {¶ 13} "(B)(1) Except as provided in division (B)(2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 {¶ 14} "(a) In committing the offense, the offender caused physical harm to a person.
 {¶ 15} "(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 {¶ 16} "(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 {¶ 17} "* * *
 {¶ 18} "(e) The offender committed the offense for hire or as part of an organized criminal activity.
 {¶ 19} "* * *
 {¶ 20} "(g) The offender at the time of the offense was serving, or the offender previously had served, a prison term.
 {¶ 21} "(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.
 {¶ 22} "(i) The offender committed the offense while in possession of a firearm."
 {¶ 23} During the sentencing hearing, the trial court found "based upon the testimony, that Mr. Alqam recruited another individual to participate with him in this crime" which falls under R.C. 2929.13(B)(1)(e), "The offender committed the offense for hire or as part of an organized criminal activity." T. at 550.
 {¶ 24} Appellant argues the facts of the criminal conduct in this case do not rise to the level of "organized criminal activity." As there is no definition of "organized criminal activity," we have addressed this determination on a case by case basis. These include assuming the identity of another in a scam to cash checks, to engaging in drug sales.
 {¶ 25} The facts sub judice indicate appellant enlisted the assistance of Erik Marlatt to steal from his employer, K-Mart, and then personally profited from the subsequent sale of the stolen merchandise. We cannot find that such a pattern does not reflect organized criminal activity.
 {¶ 26} The transcript clearly indicates the trial court then considered the factors enumerated in R.C. 2929.12 et seq. because it referenced defense counsel's statements about appellant's prior law abiding life. T. at 541-546, 549-551.
 {¶ 27} Upon review, we cannot find clear and convincing evidence that the record does not support the six month sentence.
 {¶ 28} Assignment of Error I is denied.
 II {¶ 29} Appellant claims his conviction for receiving stolen property was against the manifest weight of the evidence. We disagree.
 {¶ 30} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Martin (1983), 20 Ohio App.3d 172, 175. See also,State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
 {¶ 31} Appellant was convicted of receiving stolen property in an amount which was five hundred dollars or more and less than five thousand dollars in violation of R.C. 2913.51 which states the following in pertinent part:
 {¶ 32} "(A) No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense.
 {¶ 33} "(C) Whoever violates this section is guilty of receiving stolen property.
 {¶ 34} "Except as otherwise provided in this division, receiving stolen property is a misdemeanor of the first degree. If the value of the property involved is five hundred dollars or more and is less than five thousand dollars, if the property involved is any of the property listed in section 2913.71 of the Revised Code, receiving stolen property is a felony of the fifth degree. * * *"
 {¶ 35} Appellant argues there was no conclusive proof of the value of the merchandise received.
 {¶ 36} On December 26, 2001, K-Mart loss prevention manager Paul Ballog reviewed a surveillance videotape of the K-Mart gas station. T. at 185-186. He observed a store employee, Erik Marlatt, carry boxes containing cartons of cigarettes out of the gas station followed by an unidentified individual who did not pay for merchandise. T. at 186-187. A check of the register's receipts for the day revealed no transaction for the sale of the cartons of cigarettes. T. at 188-190. Prior to this incident, the same unidentified individual was in the gas station and left without paying for jugs of antifreeze. T. at 190-191. The jury viewed the same surveillance videotape with a narrative by Mr. Ballog. T. at 192-201. Mr. Ballog estimated $6,700 worth of merchandise was missing during Mr. Marlatt's four month tenure at the gas station. T. at 212, 270-271.
 {¶ 37} Mr. Marlatt testified appellant had purchased numerous cartons of cigarettes from the gas station. T. at 273. One day, appellant approached Mr. Marlatt and asked if he wanted to make some extra money. T. at 274. The plan was for Mr. Marlatt to give appellant cartons of cigarettes during his shift in exchange for ten dollars per carton, to be paid at appellant's gas station up the street after Mr. Marlatt was done with work. T. at 274-276. Mr. Marlatt estimated this occurred four or five times, and he gave appellant approximately two hundred cartons of cigarettes as he made approximately $1,200 from the arrangement. T. at 278-279, 284. The discrepancy in the math was brought out on cross-examination. T. at 290.
 {¶ 38} Admittedly, the jury did not believe the state had proven the $6,700 figure estimated by Mr. Ballog, but accepted the estimation of $1,200 for two hundred cartons per Mr. Marlatt's testimony. Although Mr. Marlatt's testimony was subject to scrutiny and his credibility was diminished by his deal on his charge, the jury had the videotape to substantiate the testimony.
 {¶ 39} Upon review, we find sufficient credible evidence via the videotape and Mr. Marlatt's testimony, if believed, to sustain the conviction for receiving stolen property in the fifth degree.
 {¶ 40} Assignment of Error II is denied.
 {¶ 41} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Wise, J. and Boggins, J. concur.