DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction and sentence entered by the Wood County Court of Common Pleas after defendant-appellant, Anthony Fimognari, pled guilty to one count of importuning, one count of unlawful sexual conduct with a minor, two counts of gross sexual imposition, and one count of sexual imposition. Appellant now challenges the sentences entered by the lower court through the following assignments of error:
 {¶ 2} "I. The trial court erred in finding the appellant committed the offenses for which he was sentenced a [sic] part of an organized criminal activity, pursuant to Ohio Revised Code 2929.12(B)(7).
 {¶ 3} "II. The trial court denied the appellant his state and federal constitutional right to have a jury determine beyond a reasonable doubt all facts legally essential to his sentence in sentencing the defendant to a term of imprisonment in excess of the minimum term.
 {¶ 4} "III. The trial court erred in finding that the victims of Counts 2, 4 and 5 suffered serious psychological harm, pursuant to Revised Code 2929.12(B)(2).
 {¶ 5} "IV. The trial court erred in finding that the appellant's relationship with the victims facilitated the offenses, pursuant to Revised Code 2929.12(B)(6)."
 {¶ 6} On March 4, 2004, appellant was indicted and charged with eight sex offenses involving four separate victims. Count 1 charged appellant with the rape of Jane Doe I on or about January 24, 2004, in violation of R.C. 2907.02(A)(1)(a), a first degree felony; Counts 2 and 3 charged appellant with the rape of Jane Doe I on or about January 24, 2004, in violation of R.C. 2907.02(A)(2), first degree felonies; Count 4 charged appellant with unlawful sexual conduct with a minor, Jane Doe I, on or about January 24, 2004, in violation of R.C. 2907.04(A), a third degree felony; Count 5 charged appellant with the sexual battery of Jane Doe II on or about July 31, 2002, in violation of R.C. 2907.03(A)(1), a third degree felony; Count 6 charged appellant with gross sexual imposition against Jane Doe III from June 1, 2002 through August 31, 2002, in violation of R.C. 2907.05(A)(1), a fourth degree felony; Count 7 charged appellant with the rape of Jane Doe IV on or about May 21, 2002, in violation of R.C. 2907.02(A)(2), a first degree felony; and Count 8 charged appellant with the sexual battery of Jane Doe IV on or about May 21, 2002, in violation of R.C. 2907.03(A)(1). With the exception of Jane Doe IV, appellant met all of his victims through internet chat rooms or through other young girls that he met through internet chat rooms. At the time that the offenses were committed, appellant was 23 or 24 years old. Jane Doe I was 13 years old, Jane Doe II was 14 years old and Jane Doe III was 15 years old. Jane Doe IV was a former schoolmate and girlfriend of appellant.
 {¶ 7} Initially, appellant entered pleas of not guilty to all of the counts in the indictment. Subsequently, however, he withdrew his not guilty pleas and entered pleas of guilty to an amended Count 2, importuning in violation of R.C. 2907.07(D)(1), a fifth degree felony; Count 4; an amended Count 5, gross sexual imposition in violation of R.C. 2907.05, a fourth degree felony; an amended Count 6, sexual imposition in violation of R.C. 2907.06, a third degree misdemeanor; and an amended Count 7, gross sexual imposition in violation of R.C. 2907.05, a fourth degree felony. In exchange, the state requested that Counts 1, 3 and 8 of the indictment be dismissed.
 {¶ 8} On November 8, 2004, the case proceeded to a sentencing hearing. The court heard from the prosecutor, appellant, and appellant's father, as well as Jane Doe III and Jane Doe IV. Jane Doe I and Jane Doe II did not attend the sentencing. In addition, the court noted that it had reviewed the presentence investigation report. The court then stated that it had considered the overriding purposes of sentencing, to punish appellant and to protect the public from future crime by appellant and others. The court further considered the need for incapacitation, deterrence, rehabilitation and restitution. With regard to the fourth and fifth degree felonies, Counts 2, 5 and 7, the court stated that the sentencing statutes did not favor prison sentences unless the court made certain findings. The court then found that appellant caused physical harm, that the offenses were sexual offenses, and that the offenses were committed as part of organized criminal activity. The court then addressed the seriousness and recidivism factors in R.C. 2929.12, which the court was required to consider in determining the appropriate sentence for the third, fourth and fifth degree felonies. The court found that the offenses were more serious because the physical or mental injury suffered by the victims was exacerbated due to the age of the victims, the victims suffered serious psychological harm, appellant's relationship with the victims facilitated the offenses, and appellant committed the offenses as part of an organized criminal activity. The court found no factors present suggesting that the offenses were less serious. With regard to recidivism, the court found that recidivism was less likely because appellant had no prior delinquency adjudications or criminal convictions. The court further found, however, that appellant was not genuinely remorseful.
 {¶ 9} After considering the above factors, the court determined, with regard to each felony offense, that the minimum sentence, community control, would be inadequate to protect the public and would be demeaning to the nature of those offenses. The court further found that sentencing appellant to prison would not be an undue burden on the state's resources. On Count 2, importuning, a fifth degree felony, the court sentenced appellant to an 11 month term of imprisonment; on Count 4, unlawful sexual conduct with a minor, a third degree felony, the court sentenced appellant to a three year term of imprisonment; on Counts 5 and 7, gross sexual imposition, both fourth degree felonies, the court sentenced appellant on each of those counts to 17 months imprisonment; and on Count 6, sexual imposition, a third degree misdemeanor, the court sentenced appellant to 60 days incarceration in the Wood County Jail. The court further ordered the sentences to be served concurrently. Finally, the court found the sentences to be consistent with the principles and purposes of sentencing, and that any lesser sentence would be demeaning to the offenses committed by appellant. Appellant now appeals those sentences.
 {¶ 10} Appellant's assignments of error all challenge the sentences imposed by the court below. At the outset, we note that a defendant who pleads guilty to a fourth or fifth degree felony may appeal a prison sentence that was imposed pursuant to R.C. 2929.13 and that includes the trial court's findings that one or more of the factors listed in R.C.2929.13(B)(1) apply to the defendant, on the ground that the sentence is contrary to law. R.C. 2953.08(A)(4). Similarly, a defendant who pleads guilty to a third degree felony may appeal a prison sentence on the ground that the sentence is contrary to law. In reviewing appeals from such sentences, the appellate court may increase, reduce or otherwise modify the sentence or may vacate the sentence and remand the matter for resentencing where it is established by clear and convincing evidence that the record does not support the sentencing court's findings made pursuant to R.C. 2929.13(B) or the sentence is otherwise contrary to law. R.C. 2953.08(G)(2). Clear and convincing is "that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established." Cross v.Ledford (1954), 161 Ohio St. 469, 477.
 {¶ 11} In his first assignment of error, appellant asserts that the trial court erred in finding that he committed the offenses for which he was sentenced as part of an organized criminal activity. The lower court's finding that appellant engaged in organized criminal activity related to the sentences imposed for the third, fourth and fifth degree felonies.
 {¶ 12} R.C. 2929.13(C) provides that in determining whether to impose a prison term as a sanction for a third degree felony, the sentencing court shall comply with the purposes and principles of sentencing set forth in R.C. 2929.11 and with R.C. 2929.12. The purposes and principles of sentencing are to protect he public from future crime by the offender and others and to punish the offender. R.C. 2929.11(A). R.C. 2929.12
provides that a sentencing court has discretion to determine the most effective way to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.12(A) directs the sentencing court to consider the factors set forth in R.C. 2929.12(B) and (C) relating to the seriousness of the offender's conduct. R.C. 2929.12(B) provides that the sentencing court shall determine whether any of nine specific factors apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense. The court below found that the following factors applied to this case:
 {¶ 13} "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 {¶ 14} "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 {¶ 15} "* * *
 {¶ 16} "(6) The offender's relationship with the victim facilitated the offense.
 {¶ 17} "(7) The offender committed the offense for hire or as a part of an organized criminal activity."
 {¶ 18} R.C. 2929.12(C) provides that the sentencing court shall consider whether any of four specific factors apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense. The court below found that none of the R.C. 2929.12(C) factors applied to this case.
 {¶ 19} R.C. 2929.12(A) further directs the sentencing court to consider the factors set forth in R.C. 2929.12(D) and (E) relating to the likelihood of the offender's recidivism. R.C. 2929.12(D) requires the sentencing court to consider five specific factors regarding the offender, and any other relevant factors, that would indicate the offender is likely to commit future crimes. With regard to these factors, the court below found, pursuant to R.C. 2929.12(D)(5), that appellant showed no genuine remorse for his crimes. The court did find, however, two factors under R.C. 2929.12(E), that would indicate appellant was less likely to commit future crimes:
 {¶ 20} "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 {¶ 21} "(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense."
 {¶ 22} R.C. 2929.13(B) directs the sentencing court when sentencing an offender for a fourth or fifth degree felony, to determine whether any of the following apply:
 {¶ 23} "(a) In committing the offense, the offender caused physical harm to a person.
 {¶ 24} "(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 {¶ 25} "(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 {¶ 26} "(d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 {¶ 27} "(e) The offender committed the offense for hire or as part of an organized criminal activity.
 {¶ 28} "(f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04, 2907.05, 2907.22,2907.31, 2907.321, 2907.322, 2907.323, or 2907.34 of the Revised Code.
 {¶ 29} "(g) The offender at the time of the offense was serving, or the offender previously had served, a prison term.
 {¶ 30} "(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.
 {¶ 31} "(i) The offender committed the offense while in possession of a firearm."
 {¶ 32} If the sentencing court finds any of the factors listed above applicable, the court then looks to the seriousness and recidivism factors in R.C. 2929.12 to determine if a prison term is consistent with the principles and purposes of sentencing set forth in R.C. 2929.11. If the court finds that a prison term is consistent with the principles and purposes of sentencing and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term in sentencing an offender for a fourth or fifth degree felony. R.C.2929.13(B)(2)(a).
 {¶ 33} Appellant contends that the trial court erred in finding, under R.C. 2929.13(B) and as a seriousness factor under R.C. 2929.12(B), that he had committed the third, fourth and fifth degree felony offenses as part of an organized criminal activity. For the following reason we agree.
 {¶ 34} As this court has previously noted, the term "organized criminal activity" is not defined in R.C. Chapter 2929. State v.Martinez (Feb. 22, 2002), 6th Dist. No. WD0-1-027, 2002-Ohio-735. As such, courts must determine on a case-by-case basis whether an offense is part of an organized criminal activity. State v. Obregon (Aug. 25, 2000), 6th Dist. No. S-99-042, citing State v. Shryock (Aug. 1, 1997), 1st Dist. No. C-961111 (the offender was not part of an organized criminal activity when he merely acted as a "look-out" for his criminal colleague). Commentators have defined "organized criminal activity" as "criminal activity which because of the number of participants and planned utilization of those participants poses more of a risk to the public order than an activity carried out by a single individual acting in isolation from other offenders or than multiple individuals acting together spontaneously or impulsively." Griffin and Katz, Ohio Felony Sentencing Law (1999), 368-369, Section T. 4.14.3.
 {¶ 35} Upon review, we find that the legislature never intended the type of criminal activity involved in this case to be classified as organized criminal activity. Appellant clearly acted alone in his sexual offenses toward his victims. While he demonstrated a pattern of meeting young girls on the internet and then meeting them in person for sexual encounters, this pattern of criminal behavior does not, in our view, equal "organized criminal activity" as that phrase is used in the sentencing statutes. Accordingly, appellant's first assignment of error is well-taken.
 {¶ 36} Appellant's third and fourth assignments of error also challenge findings made by the sentencing court. Under his third assignment of error, appellant contends that the lower court erred in finding that the victims of Counts 2, 4 and 5 suffered serious psychological harm thereby justifying a seriousness factor under R.C.2929.12(B).
 {¶ 37} In imposing sentence, the lower court found that all of appellant's victims had suffered serious psychological harm as a result of the offenses. Jane Doe I was the victim of Counts 2 and 4, Jane Doe II was the victim of Count 5, Jane Doe III was the victim of Count 6 and Jane Doe IV was the victim of Count 7. At the sentencing hearing below, however, only Jane Doe III and Jane Doe IV made victim impact statements. Neither Jane Doe I nor Jane Doe II made an impact statement or wrote a letter to the court revealing the impact the offenses have had on their lives. Jane Doe III, the victim of Count 6, sexual imposition, a third degree misdemeanor for which appellant was sentenced to 60 days local incarceration, stated that as a result of the offense she does not trust boys, cannot form relationships and has nightmares. Jane Doe IV, the victim of Count 7, gross sexual imposition, a fourth degree felony for which appellant was sentenced to 17 months imprisonment, stated that as a result of the offense she trusts no one in her life, does not feel safe, and moved to Michigan to start a new life. She also stated that appellant lives in the same town as her sister and that she fears for her sister.
 {¶ 38} Jane Doe IV's statement clearly supported the trial court's finding of serious psychological harm with regard to Count 7. Count 6 was a third degree misdemeanor. Although the felony sentencing statutes do not apply to that offense, R.C. 2929.22 does allow the sentencing court to consider any relevant oral or written statement made by a victim when pronouncing sentence for a misdemeanor offense. Accordingly, the lower court's finding of serious psychological harm as to Jane Doe III was appropriate and supported by the record. As to the remaining offenses, there was no evidence in the court below that Jane Doe I and Jane Doe II suffered serious psychological harm. Accordingly, the third assignment of error is well-taken in part.
 {¶ 39} In his fourth assignment of error, appellant asserts that the sentencing court erred in finding under R.C. 2929.12(B)(6) that appellant's relationship with his victims facilitated the offenses. Upon a review of the record, we find clear and convincing evidence in support of the lower court's findings with regard to R.C. 2929.12(B)(6). "R.C.2929.12(B)(6) does not require a close relationship between the offender and the victim. Rather, any personal association between the offender and the victim is sufficient to satisfy this subsection." State v. Holsinger
(Oct. 10, 2000), 10th Dist. No. 00AP-216. Appellant clearly had a previous relationship with Jane Doe IV and on the basis of that relationship, came to town to take her out to dinner. After dinner, appellant informed the victim that he was tired and did not want to drive back to Columbus. Once in Jane Doe IV's apartment, appellant took advantage of the situation. Appellant met his other victims, Jane Doe I, Jane Doe II and Jane Doe III, on the internet. His pattern was to cultivate a relationship with the girls on the internet and then suggest that they meet, at which time he would sexually offend them. He met Jane Doe III several times and gave her beer and marijuana before sexually offending her. Because appellant had a personal association with each of his victims before he sexually offended them, the lower court did not err in finding that his relationship with his victims facilitated the offenses. The fourth assignment of error is not well-taken.
 {¶ 40} Finally, in his second assignment of error, appellant asserts that the lower court erred in imposing upon him non-minimum sentences where the finding essential to those sentences, i.e., that the shortest prison term would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by appellant or others, was not made by a jury or admitted by appellant. In support of his argument, appellant relies on the United States Supreme Court's decision in Blakely v. Washington (2004), 542 U.S. 296. This court, however, has held that the Blakely protections of a defendant's right to trial by jury are not implicated under Ohio's sentencing scheme and thatBlakely applies only when the maximum sentence in the available range for an offense has been exceeded which, under Ohio law, simply does not occur. State v. Curlis, 6th Dist. No. WD-04-032, 2005-Ohio-1217, at ¶ 18. Accordingly, appellant did not have a constitutional right to have the finding essential to a non-minimum sentence determined by a jury and the second assignment of error is not well-taken.
 {¶ 41} In light of our rulings under appellant's first and third assignments of error, and because the lower court did find the existence of other seriousness factors and other factors justifying prison sentences, this case must be remanded to the trial court for resentencing. Only the trial court can determine whether the existence of the remaining factors alone would support the sentences imposed. Statev. Roberson (2001), 141 Ohio App.3d 626, 633.
 {¶ 42} On consideration whereof, we find that the trial court did commit error prejudicial to appellant. The judgment of the Wood County Court of Common Pleas is reversed only with regard to the sentence imposed. In all other respects, the judgment is affirmed. This case is remanded for resentencing as outlined above. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J. and Parish, J. Concur.