OPINION
{¶ 1} Defendant-appellant, Stefanie Grays, appeals the decision of the Butler County Court of Common Pleas sentencing her to six months in prison for one count of complicity to ethnic intimidation. We affirm the common pleas court's decision.
 {¶ 2} In February 2005, a Butler County grand jury indicted appellant for two counts of complicity to ethnic intimidation in violation of R.C. 2923.03(A)(2) and R.C. 2927.12(A), and one count of complicity to arson in violation of R.C. 2923.03(A)(2) and R.C. 2909.03(A)(1). The complicity to ethnic intimidation counts were fifth-degree felonies, while the complicity to arson count was a first-degree misdemeanor.
 {¶ 3} In May 2005, appellant pled guilty to one of the complicity to ethnic intimidation counts. The state merged the remaining counts. The facts read by the state at the plea hearing indicated that appellant drove two individuals to the home of an African-American woman, where those individuals burned a cross in the yard. The common pleas court convicted appellant of the ethnic intimidation count to which she pled guilty.
 {¶ 4} The common pleas court held a sentencing hearing in June 2005. After determining that appellant had committed the crime "as part of an organized criminal activity," that a prison term was consistent with the purposes and principles of sentencing set forth in R.C. 2929.11, and that appellant was not amenable to community control, the court sentenced appellant to six months in prison.
 {¶ 5} Appellant assigns two errors on appeal, both relating to her prison sentence. In her first assignment of error, appellant argues that the common pleas court erred in sentencing her to prison rather than community control. In her second assignment of error, appellant argues that the sentence ordered by the common pleas court violated her Sixth Amendment right to a jury trial.
 {¶ 6} Initially, we note that an appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record, or is otherwise contrary to law. R.C. 2953.08(G)(2). Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v.Boshko (2000), 139 Ohio App.3d 827, 835, quoting Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 7} For ease of discussion, we first address appellant's second assignment of error regarding the Sixth Amendment right to a jury trial. In State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, decided after the submission of the parties' briefs, the Ohio Supreme Court held that numerous provisions of Ohio's statutory sentencing scheme violated the Sixth Amendment right to a jury trial. However, the Foster court determined that R.C. 2929.13(B)(2)(a), the provision relied on by the common pleas court in this case to impose a prison sentence rather than community control, did not violate the Sixth Amendment right to a jury trial. See Foster at ¶ 70. The Foster court found, contrary to appellant's argument now on appeal, that R.C.2929.13(B) did not create a presumption in favor of community control, and did not require judicial findings before the imposition of a sentence greater than the sentence authorized by the jury verdict alone. See Foster at ¶ 69-70.[1]
Accordingly, because the Ohio Supreme Court found that the statute relied on by the common pleas court did not violate the Sixth Amendment, we overrule appellant's second assignment of error.
 {¶ 8} We now return to appellant's first assignment of error. In this assignment of error, appellant contests the following three findings made by the common pleas court in ordering a prison sentence: (1) that appellant committed the offense "as part of an organized criminal activity," (2) that appellant was not amenable to community control, and (3) that a prison sentence was consistent with the purposes and principles of sentencing set forth in R.C. 2929.11.
 {¶ 9} R.C. 2929.13(B)(2)(a), the section relied upon by the common pleas court to impose a prison term, provides as follows:
 {¶ 10} "If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 * * *, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 * * * and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender."
 {¶ 11} We first address the common pleas court's finding, pursuant to R.C. 2929.13(B)(1)(e), that appellant committed the offense "as part of an organized criminal activity." The term "organized criminal activity" is not defined in R.C. Chapter 2929. Therefore, "courts must determine on a case-by-case basis whether an offense is part of an organized criminal activity."State v. Jones, Butler App. No. CA04-06-144, 2005-Ohio-3887, ¶34.
 {¶ 12} Courts have found crimes to be "part of an organized criminal activity" where the crime resulted from organized gang activity, State v. Jones (June 13, 2000), Franklin App. No. 99AP-704, 2000 WL 756843, *10; where the defendant participated in a drug trafficking operation, see, e.g., State v. Sawyer,
Allen App. No. 1-03-82, 2004-Ohio-1719, ¶ 11 (cocaine trafficking in large amounts) and State v. Roetman, Cuyahoga App. No. 82829, 2004-Ohio-479, ¶ 25 (marijuana trafficking with wife and another); where the defendant participated in a coordinated theft scheme, State v. Humphreys (Nov. 15, 2001), Cuyahoga App. No. 79008, 2001 WL 1474700, *2 (contractor stealing construction equipment from various construction sites with accomplices/employees) and State v. Alqam, Stark App. No. 2003CA00183, 2004-Ohio-1285, ¶ 25 (stealing merchandise from retail employer with fellow employee); and where the defendant illegally possessed a large amount of child pornography downloaded from the internet. See State v. McCartney, Clinton App. No. CA2003-09-023, 2004-Ohio-4781, ¶ 48.
 {¶ 13} Courts have not found crimes to be "part of an organized criminal activity" where a defendant, acting alone, sold a small amount of crack cocaine to an informant, State v.Eckliffe, Lake App. No. 2001-L-104, 2002-Ohio-7135, ¶ 27; where a defendant purchased a small amount of crack cocaine for himself and a friend, State v. Biggs, Franklin App. No. 01AP-1185, 2002-Ohio-4999, ¶ 32; where a defendant, acting alone, engaged in illegal sexual conduct with minors he met on the internet, Statev. Fimognari, Wood App. No. WD-04-095, 2005-Ohio-5880, ¶ 35; and where a juvenile defendant served as lookout for another juvenile who broke windows at a high school, State v. Shryock (Aug. 1, 1997), Hamilton App. No. C-961111, 1997 WL 1008672, *2.
 {¶ 14} Griffin and Katz summarize the essential elements of the finding as follows:
 {¶ 15} "a criminal activity which because of the number of participants and planned utilization of those participants poses more of a risk to the public order than an activity carried out by a single individual acting in isolation from other offenders or than multiple individuals acting together spontaneously or impulsively." Griffin and Katz, Ohio Felony Sentencing Law (2004), 563, Section 5:21.
 {¶ 16} In finding that appellant committed the offense "as part of an organized criminal activity," the court noted that "there were five or six people involved in this criminal activity." The pre-sentence investigation report ("PSI"), which was considered by the court, indicates that appellant drove two individuals to the scene of the cross-burning, and that those individuals participated in the cross-burning. The PSI further indicates that appellant left the scene with two different individuals who also participated in the cross-burning.
 {¶ 17} Appellant has failed to show, by clear and convincing evidence, that the common pleas court's "organized criminal activity" finding was not supported by the record or was otherwise contrary to law. The record indicates that six individuals were involved, to some degree, in the cross-burning incident. The record also indicates that the crime was not simply a spontaneous act, but involved some level of planning and coordination. The record supports the conclusion that the group of six individuals acting in a coordinated fashion posed a greater risk to the public order than an individual committing the crime alone. Appellant asserts, as she did at the sentencing hearing, that she was not involved in the planning of the act. However, even if that claim is believed, she nevertheless facilitated the crime, and admitted when she pled guilty that she "aided or abetted" others in committing the crime. Appellant's purported lack of a role in the planning of the crime does not render the common pleas court's "organized criminal activity" finding "not supported by the record."
 {¶ 18} We now address the common pleas court's finding pursuant to R.C. 2929.13(B)(2)(a) that appellant was not amenable to community control. In making that finding, the court noted the "particularly egregious" nature of the offense committed. Further, the court noted its dissatisfaction with what it viewed as attempts by appellant to deny responsibility for the criminal conduct after having pled guilty.
 {¶ 19} Appellant has failed to show, by clear and convincing evidence, that the common pleas court's amenability determination was not supported by the record or was otherwise contrary to law. The record does show that appellant was 18 years old at the time of the crime, and that her only previous criminal violation was a minor traffic citation. The record also shows that she was romantically involved with a 40-year old man who was one of the principal participants in the crime, and who may have influenced her actions. Nevertheless, there is support in the record for the court's view that appellant had not fully acknowledged her role in the ethnic intimidation crime, despite having pled guilty. In a statement contained in the PSI, appellant said that she saw the crime take place, but had no part in committing it. A later part of the PSI indicates that appellant denied being present when the crime occurred. In light of the seriousness of appellant's crime and the information in the PSI, the record supports the common pleas court's decision that some prison time was warranted, and that appellant was not amenable to community control.
 {¶ 20} We now address appellant's argument that a prison sentence was not consistent with the purposes and principles of sentencing in R.C. 2929.11. R.C. 2929.11(A) states that "[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender." Further, R.C. 2929.11(B) states that "[a] sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 21} Appellant has failed to show by clear and convincing evidence that the court's imposition of a prison sentence was inconsistent with the purposes and principles articulated in R.C.2929.11. As previously discussed, there was information in the PSI indicating that appellant had not fully acknowledged her role in the ethnic intimidation crime. Accordingly, while there may not have been support for the conclusion that a prison sentence was necessary to protect the public, there was support for the conclusion that a prison sentence was necessary to adequately punish appellant. Further, the record supports the conclusion that community control would not have been commensurate with the very serious nature of the crime committed. We note that the common pleas court imposed six months in prison, the shortest possible prison sentence for a fifth-degree felony. Based on the record before us, the court's decision was consistent with the purposes and principles in R.C. 2929.11.
 {¶ 22} We also find no support in the record for appellant's argument regarding the seriousness and recidivism factors in R.C.2929.12. The record shows that the court considered those factors, as required by R.C. 2929.13(B)(1)(a), in determining whether a prison sentence was consistent with the purposes and principles set forth in R.C. 2929.11. We find nothing in the court's application of the R.C. 2929.12 factors to warrant a reversal.
 {¶ 23} Based on our analysis above, we overrule appellant's first assignment of error. Having overruled both of appellant's assignments of error, we affirm the judgment of the common pleas court.
Walsh and Young, JJ., concur.
[1] As explained in Foster, "R.C. 2929.13(B)(2)(a) wouldpermit a judge to impose prison rather than community controlwithout R.C. 2929.13(B) findings." (Emphasis sic.) Foster at ¶ 70.