OPINION
{ ¶ 1} Appellant, Michael A. Lloyd, appeals from his sentencing order in which he received more-than-the-minimum sentences for two robbery convictions. In light of the Supreme Court case, State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, we reverse and remand this matter for resentencing.
{ ¶ 2} Appellant entered a plea of guilty to a bill of information containing two counts. Both counts of the information alleged that appellant had committed robbery, in violation of R.C. 2911.02(A)(1), felonies of the second degree. The shortest prison term for a second degree felony is two years. R.C. 2929.14(A)(2).
{ ¶ 3} Appellant committed the two robberies on April 19, 2005 and April 26, 2005, respectively. The first robbery was committed at a BP station in Willoughby Hills, where appellant brandished a knife and robbed the store clerk of $344.15. The second robbery was committed at a Save on Cigarettes store, also in Willoughby Hills, where appellant again brandished a knife, but this time the store clerk was able to detain him until the police arrived.
{ ¶ 4} Appellant was sentenced on August 11, 2005, to two four-year sentences, to run concurrently with one another. Appellant filed a timely notice of appeal, raising the following two assignments of error:
{ ¶ 5} "[1.] The trial court erred in sentencing [appellant] to four years in prison when it sentenced him contrary to R.C. 2929.12 based upon findings not supported by the record.
{ ¶ 6} "[2.] The trial court erred when it sentenced [appellant] to more-than-the-minimum sentences based upon a finding of factors not found by the jury or admitted by [appellant] in violation of [appellant's] state and federal constitutional rights to trial by jury."
{ ¶ 7} In his first assignment of error, appellant argues that the trial court erred when it sentenced him contrary to R.C. 2929.12 based upon findings not supported by the record.
{ ¶ 8} In Foster, at ¶ 37, the Supreme Court of Ohio stated:
{ ¶ 9} "* * * R.C. 2929.12, grants the sentencing judge discretion `to determine the most effective way to comply with the purposes and principles of sentencing.' * * * R.C. 2929.12(A) directs that in exercising that discretion, the court shall consider, along with any other `relevant' factors, the seriousness factors set forth in divisions (B) and (C) and the recidivism factors in divisions (D) and (E) of R.C.2929.12. These statutory sections provide a nonexclusive list for the court to consider." (Footnote omitted.)
{ ¶ 10} After Foster, the question evolves as to whether a trial court, when considering this nonexclusive list of statutory factors under R.C. 2929.12, is still permitted to make findings pursuant to this section. We conclude that it is.
{ ¶ 11} In Foster, the Supreme Court held that portions of the applicable sentencing statutes were unconstitutional in light ofBlakely v. Washington (2004), 542 U.S. 296, because they offend theSixth Amendment to the United States Constitution and Section 4, Article I of the Ohio Constitution. Id. at ¶ 1-3. This is because a jury, rather than a judge, must find all facts essential to punishment. Id. at ¶ 3. (Emphasis added.)
{ ¶ 12} The Supreme Court stated that "[i]n conducting aBlakely analysis, we must determine whether a presumptive sentence is created and whether judicial factfinding is required to exceed that sentence." Id. at ¶ 55. (Emphasis added.) However, where the Supreme Court found that judicial factfinding was not mandatory or there was no presumptive sentence, the court found that it was constitutional. Id. at ¶ 70.[1] Thus, it is clear that the distinction between unconstitutional provisions (i.e., impermissible judicial factfinding) and constitutional provisions (i.e., permissible judicial factfinding), is whether the factfinding was mandated by the statute.
{ ¶ 13} Further, with respect to the general guidance statutes, R.C.2929.11 and R.C. 2929.12, the Supreme Court stated that, "[i]t isimportant to note that there is no mandate for judicial factfinding * * *. The court is merely to `consider' the statutory factors." Id. at ¶ 42. (Emphasis added.) Thus, the Supreme Court did not declare R.C. 2929.11
and R.C. 2929.12 to be unconstitutional. Id. at ¶ 97-99.
{ ¶ 14} In the sections of the sentencing statute which the Supreme Court declared violated Blakely, the court stressed that judicial factfinding was mandatory before the court could overcome the minimum presumption, and impose the greater sentence. See paragraphs one, three, and five of the syllabus. The court applied the remedy set forth inUnited States v. Booker (2005), 543 U.S. 220, and severed the unconstitutional portions. See paragraphs two, four, and six of the syllabus.
{ ¶ 15} The Supreme Court instructed sentencing courts on remand to "consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range." Id. at ¶ 105. The Supreme Court was more explicit in this mandate in State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, when it stated: "[a]lthough after Foster, the trial court is no longercompelled to make findings and give reasons at the sentencing hearing since R.C. 2929.19(B)(2) has been excised, nevertheless, in exercising its discretion the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are specific to the case itself." Id. at ¶ 38. (Emphasis added.)
{ ¶ 16} Furthermore, we look to federal district courts for guidance. In Foster, the Supreme Court stated that "the [United States] Supreme Court excised from the Sentencing Reform Act of 1984 those provisions that made the Guidelines mandatory, rendering the Guidelines `effectively advisory.' * * * District courts, although no longer bound to apply them, must consider the Guidelines and take them into account in sentencing." Id. at ¶ 10. Since Booker, federal district courtsstill rely on judicial factfinding under the Guidelines.[2] Thus, it would be reasonable to presume that under Ohio's sentencing statutes, trial court judges may still employ qualified judicial factfinding, just as federal districts courts do, as long as it is not required by the statute.
{ ¶ 17} It is clear that R.C. 2929.12 was not affected byFoster. The Supreme Court did not find it to be unconstitutional, since "there is no mandate for judicial factfinding" in it. Id. at ¶ 42. R.C.2929.12 remains as it did prior to Foster and courts should treat it as such. Prior to Foster, trial courts could make findings pursuant to R.C.2929.12, and nothing in Foster says that they cannot still do so. Likewise, appellate courts should analyze issues regarding R.C. 2929.12
as they did prior to Foster.
{ ¶ 18} Therefore, although Foster and Mathis do not expressly hold that trial courts can still make findings under R.C. 2929.12, i.e, they only directed trial courts to still consider R.C. 2929.12 factors when sentencing, based on the foregoing reasons, we conclude that trial courts can make findings pursuant to this section when considering the relevant factors.
{ ¶ 19} In addition, since Foster was decided, this court has addressed the issue at bar; i.e., whether the trial court erred when it sentenced an appellant "contrary to R.C. 2929.12 based upon findings not supported by the record." State v. Spicuzza, 11th Dist. No. 2005-L-078,2006-Ohio-2379, at ¶ 6. In Spicuzza, the appellant maintained that the trial court did not properly consider R.C. 2929.12 factors. Id. at ¶ 13. We disagreed, stating that "not only did the trial court properly weigh the relevant factors, it went into extensive detail in discussing each of them." Id. at ¶ 17. Further, we pointed out that, although a trial court must consider the seriousness and recidivism factors, the court does not need to make specific findings on the record in order to evince the requisite consideration of all applicable factors. Id. at ¶ 16, citing State v. Blake, 11th Dist. No. 2003-L-196, 2005-Ohio-686. Implicit in this statement, is that although a court need not make specific findings on the record, it certainly is not error to do so. See, also, State v. Nichols, 11th Dist. No. 2005-L-017, 2006-Ohio-2934, at ¶ 74-98.[3]
 { ¶ 20} In the case sub judice, the trial court stated in its sentencing order that it considered the principles and purposes of sentencing under R.C. 2929.11, and balanced the seriousness and recidivism factors under R.C. 2929.12. Moreover, the record reflects that at the sentencing hearing, not only did the trial court properly weigh the relevant factors, it went into great detail in discussing each of them. Therefore, we conclude that the trial court adequately complied with the requirements of R.C. 2929.12. Appellant's first assignment of error is without merit.
{ ¶ 21} In his second assignment of error, appellant argues the trial court erred when it sentenced him to a more-than-the-minimum sentence based upon findings of factors not found by a jury in violation of his state and federal constitutional rights to a trial by jury.
{ ¶ 22} In sentencing appellant to a more-than-the-minimum sentence, the trial court relied upon judicial fact-finding, formerly mandated by statute, but now deemed unconstitutional and void by the Supreme Court of Ohio. In Foster, the Supreme Court held that R.C. 2929.14(B) is unconstitutional for violating the Sixth Amendment because it deprives a defendant of the right to a jury trial, pursuant to Apprendi v. NewJersey (2000), 530 U.S. 466, and Blakely, supra. On that basis, appellant's assignment of error has merit.
{ ¶ 23} Further, pursuant to Booker, supra, the Supreme Court's remedy was to sever the unconstitutional provisions of the Revised Code, including R.C. 2929.14(B). After severance, judicial factfinding is not required before imposing a sentence that is more-than-the-minimum.Foster at paragraph one of the syllabus.
{ ¶ 24} Since Foster was released while this case was pending on direct review, appellant's sentence is void, must be vacated, and remanded for resentencing. Foster at ¶ 103-104. Upon remand, the trial court is no longer required to make findings or give its reasons for imposing maximum, consecutive or more-than-the-minimum sentences. Id. at paragraph seven of the syllabus. Appellant's second assignment of error has merit.
{ ¶ 25} Accordingly, appellant's first assignment of error is without merit and his second assignment of error is sustained. The sentence of the Lake County Court of Common Pleas is vacated. This case is reversed and remanded for resentencing for proceedings consistent with this opinion pursuant to Foster.
[1] For example, "R.C. 2929.13(B)(2)(b) and 2929.13(B)(2)(a) do not violate Blakely by requiring the sentencing court to make additional findings of fact before increasing a penalty at the fourth and fifth degree felony level." Foster at ¶ 70.
[2] Professor Douglas Berman of Ohio State University Moritz College of Law, explains that Justice Breyer (who authored the Booker remedial opinion) preserved a central role for the guidelines and judicial factfinding at sentencing. Professor Berman stated that "[b]ased on a year of experience with the Booker remedy, * * * it now appears that Justice Breyer largely succeeded in preserving the fundamental pre-Booker features of federal sentencing: the Booker decision does not appear to have radically changed either basic practices or typical outcomes in the federal sentencing system. Though courts have been engaged in a dynamic debate over the precise weight to be given the guidelines now that they are only advisory, this debate probably should be considered more a matter of style than substance because there is universal lower-court agreement that, after Booker, district judges must still properly calculate guideline sentencing ranges and must still provide a reasoned justification for any decision to deviate from the guidelines. * * * Consequently, a full year after Booker, we observe * * * a federal sentencing process that still remains exceedingly focused on guideline calculations based on judicial factfinding[.]" Douglas A. Berman, "Editor's Observations: Perspectives on Booker's Potential," (Dec. 2005), Federal Sentencing Reporter, Vol. 18, No. 2. (Emphasis added.)
[3] Other districts have addressed this issue similarly. See, e.g.,State v. Raisley, 4th Dist. No. 05CA2867, 2006-Ohio-1388; State v.Warren, 7th Dist. No. 05 MA 91, 2006-Ohio-1281; State v.Patterson, 2d Dist. No. 20977, 2006-Ohio-1422; State v. Mason, 3d Dist. No. 9-05-21, 2006-Ohio-1998; and State v. Grays, 12th Dist. No. CA2005-07-187, 2006-Ohio-2246.
DIANE V. GRENDELL, J., concurs, WILLIAM M. O'NEILL, J., concurs in judgment only with Concurring Opinion.